## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Southern Railway Co.

v.

City of Richmond

September 13, 1962

Case No. B-5875

By Judge Alex H. Sands, Jr.

It was understood that in addition to the various matters upon which decision was rendered at the pretrial hearing on August 29 and upon which counsel have prepared a sketch for order in accordance with the court's ruling, the court reserved its ruling upon three questions, namely, (1) the right of certain adjacent property owners to intervene in this proceeding, (2) the demurrer to the City's cross bill and (3) the admissibility at trial of evidence relating to the motive of Council in adopting the ordinances in question.

Henry A. Maurice, Jr., John Prussing and others, individually and as members of the Forest Hill — Woodland Heights Citizens Association have moved the court for leave to intervene as parties defendant. Plaintiff objects to such intervention upon the grounds that if the matter sought to be introduced by intervenors be in the nature of *special damage* to their respective individual properties, then such would be new matter not "germain to the issue" of constitutionality in contemplation of the language of Rule 2:15 permitting intervention, while if it be in the nature of *general effect* upon surrounding property that such matter can be fully raised, and only raised, by the City as the representative of its citizens. Petitioner further urges that petitioners do not

show a legal interest requiring protection and that the injury alleged to exist is *damnum absque injuria.*

It must be admitted that the weight of outside authority upon the general issue supports the plaintiff's objection to the intervention, but the authorities are divided. There is, as plaintiff concedes, no Virginia authority to which the court can look for guidance. *Board of Supervisors* v. *Carper, et al.*, 200 Va. 653 (1959), is of no assistance for while intervention occurred it was unopposed and the question here involved was not raised. This leaves the court free to exercise its discretion.

While the consequential damage to each intervenor's own property is, of course, his ultimate concern, his primary concern at this moment is the constitutionality of the ordinance and to this extent he is interested in the *general* effect of the ordinance upon all properties. If the ordinance stands he is protected; if it falls then he must look towards such other methods as the law gives him for the protection of his interests.

It is not known at this point precisely the nature of relief which the intervenors will seek, but it certainly cannot enlarge upon the scope of the issue raised in the motion for declaratory judgment, i.e., the constitutionality of the ordinances in question. While evidence of the effect of Railway's proposed action upon the individual property of an intervenor would be admissible upon the issue of *general* effect upon surrounding properties, it would be admissible for no other purposes. With this limitation in mind, i.e., that no issues not germain to the question of constitutionality will be permitted, it is felt that the intervention sought should be permitted and it will be so ordered.

The cross bill filed by defendant seeking injunctive relief alleges a trespass which occurred in 1960 and says that the facts surrounding this trespass are such as to, by their very nature, evidence an intent upon the part of the plaintiff to repeat the same type trespass, that such repetition will be a continuing process and entitles defendant to injunctive relief.

While it is felt that the facts as pleaded in the cross bill might well, if proven, justify the relief sought, it is difficult to see how such relief comes within the scope of the declaratory judgment action as brought, or how the court would be justified in extending the scope of the present action to include the issues which be presented by the relief sought in the cross bill.

The action was instituted solely for the purpose of testing the validity of the ordinances in question. Regardless of the outcome of this action, it could have no relation to the matter of trespass upon which the cross bill seeks relief. If the ordinances were held invalid the plaintiff would be no more justified in trespassing upon the defendant's property than if they were upheld and in either event upon proof of a proper case warranting injunctive relief the City would be entitled — in an action brought for that purpose — to the relief sought in the cross bill. The sole issue here involved, as stated, is the validity of an ordinance which restricts the use by plaintiff of *its own property*. The right of protection against future trespass by injunction has long existed as an independent right of action long before passage of our Declaratory Judgment Act and to extend the present suit to embrace the relief sought in the cross bill would appear in the teeth of the limitations placed upon Sec. 8–578 (then Sec. 6140a) by *American Nat. Bk.* v. *Kushner*, 162 Va. 378 (1934).

The demurrer to the cross bill will be sustained.

The final point upon which the court reserved decision was the admissibility, in this proceeding, of the motive or motives which may have prompted or did prompt Council in the passage of the ordinances in question.

While the out of state authorities relied upon by plaintiff are very persuasive, it does not appear to the court that the question is an open one in Virginia. *Blankenship* v. *Richmond*, 188 Va. 97, 102–105 (1948), states without equivocation that such evidence is inadmissible where the validity of an ordinance is under attack. The *Blankenship* case relies upon and quotes at length from *People* v. *Gibbs*, 186 Mich. 127, 152 N.W. 1053, which appears to be one of the leading cases supporting the inadmissibility of such evidence. It is significant that our Court of Appeals has seen fit to quote with approval from the *Gibbs* case in at least two other Virginia cases in point (*City of Roanoke* v. *Fisher*, 137 Va. 75, 82 (1923), and *C. & P. Tel. Co. v. Newport News*, 196 Va. 627, 639 (1955)). The *Blankenship* case is founded upon the holding in *Roanoke* v. *Fisher*, *supra*, which, in turn is bottomed upon the *Gibbs* case, *supra*. Why a different rule should exist where the effort is to *uphold* an ordinance (which the *Fisher* case seems to indicate, see page 82) is a matter not here before the court since the case at bar involves an attack upon the validity of the ordinance.

While it is true that *Board of Supervisors* v. *Davis*, 200 Va. 316 (1958), affirmed that portion of the trial court's action which admitted evidence of motive in an attack upon the validity of a zoning ordinance, the court made it crystal clear that its acceptance of evidence of motive *in that case* was because the *Board* had admitted such evidence without objection and gone to trial upon the issue thus presented in the lower court. While refusing, therefore, to *apply* the doctrine of the *Blankenship* case the court certainly did not question its soundness upon principal. To indulge in speculation as to what disposition the Court of Appeals would have made of the doctrine of the *Blankenship* case *if* the point had been properly raised in the trial court is an interesting and proper indulgence for the author of the very excellent article E. A. Pritchard, *Fundamentals of Zoning Law*, 46 Va. L. Rev. 362 (1960), but it is felt that this court is bound by the doctrine as enunciated in *Blankenship* v. *Richmond, supra, Roanoke* v. *Fisher, supra, Richmond, etc.* v. *Llewellyn*, 156 Va. 258 (1931), and *Tel. Co.* v. *Newport News, supra*, until this doctrine has been expressly rejected or modified by the Court of Appeals. I interpret this doctrine to be that evidence of the motive of the legislative body in passing any ordinance or law is not properly admissible over objection in a proceeding challenging the validity of the ordinance or law.

In summary of the above it is, therefore, held (a) the motion of Henry A. Maurice, Jr., and others to be permitted to intervene will be granted; (b) the plaintiff's demurrer to the defendant's cross bill will be sustained; (c) evidence of the motives of Council in passing the ordinance in question will not be admitted.